IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH ROY MYLES, § | |
| TDCJ-CID NO.1291260, § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-884 |
| § | |
| DOUG DRETKE, Director of the § | |
| Texas Department of Criminal § | |
| Justice- Correctional Institutions Division, § | |
|     Respondent. § | |

OPINION ON DISMISSAL

Petitioner Kenneth Roy Myles,[1] a state inmate, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, to challenge his 2005 conviction for aggravated robbery. (Docket Entry No.5). For the reasons to follow, the Court will dismiss this petition for failure to exhaust state remedies.

Background

A jury in the 232nd State District Court of Harris County, Texas found petitioner guilty of aggravated robbery in cause number 1009973. *Miles v. State*, No.01-05-00110-CR (Tex. App.–Houston [1st Dist.] 2006, no pet. h.). The state district court assessed punishment at eighteen years confinement in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"). *Id.* On direct appeal, petitioner challenged his conviction on grounds that the trial court (1) improperly denied his motion to suppress the videotape of the police interrogation; (2) failed to make the required findings of fact and conclusions of law regarding the voluntariness of his videotaped statements; and, (3) denied his request for a jury instruction on the lesser-included offense of injury to an elderly individual. *Id.* On May 18, 2006, the state intermediate appellate

---

[1] Also known as Kenneth Ray Myles and Kenneth Ray Miles.

court affirmed the judgment of the lower court. *Id.* Petitioner has not filed a petition for discretionary review nor sought collateral relief from this conviction. (Docket Entry No.5).

In the pending petition, petitioner appears to challenge the effectiveness of his counsel at trial. (*Id.*). He also complains about retaliation for the exercise of his First Amendment rights, the defense of qualified immunity, and Attorney Lori Dee Mack's failure to represent and contact him, and her failure to correspond with him. (*Id.*).

## Discussion

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i)   there is an absence of available State corrective process; or
> >
> > (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \*
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989);  *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher*, 169 F.3d at 302.  A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'"  *Mercadel*, 179 F.3d at 275 (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Here, petitioner can neither allege nor demonstrate that he has satisfied either of the two statutory exceptions to the exhaustion doctrine with respect to any Sixth Amendment claim.  He has not filed a petition for discretionary review or a habeas application in state court.  It follows that he has presented unexhausted claims in his federal petition.  Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's claims, his petition is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254.

To the extent that petitioner seeks relief on a retaliation claim with respect to his First Amendment rights, he fails to state any facts that would give rise to such claim. To the extent that petitioner complains of Attorney Mack's representation, his complaint is also subject to dismissal. This Court has twice dismissed petitioner's civil rights claims regarding Mack's representation as frivolous. *See Myles v. Thomas*, Civil Action No.H-06-1424 (S.D. Tex. May 9, 2005); *Myles v. Mack*, Civil Action No.06-1476 (S.D. Tex. May 10, 2006).

Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not

made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

## Conclusion

For these reasons, the Court ORDERS as follows:

1.  Petitioner's application to proceed *in forma pauperis* (Docket Entry No.6) is GRANTED.

2.  The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3.  All other claims are DISMISSED WITH PREJUDICE.

4.  A certificate of appealability is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on May 23, 2006.


                                                    _____
                                                    MELINDA HARMON
                                                    UNITED STATES DISTRICT JUDGE